864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INTEGRATED AGRI-TECH, INC., Appellant,
v.
AGRATECH SEEDS, INC., Appellee.
 No. 88-1373.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1988.
 
 Before ARCHER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Integrated Agri-Tech, Inc. appeals the decision of the Trademark Trial and Appeal Board (board) sustaining the opposition of AgraTech Seeds, Inc., owner of the mark AGRATECH for agricultural seeds, to registration of Integrated Agri-Tech, Inc.'s stylized trademark, Application Serial No. 486,374, for plant growth regulator and a crop residue decomposition enhancement chemical composition. We affirm.
 
 OPINION
 
 2
 The only issue before us is whether likelihood of confusion exists. Integrated Agri-Tech, Inc. asserts that the board misapplied or failed to consider certain of the probative factors for determining likelihood of confusion set out in In Re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 177 USPQ 563 (CCPA 1973), and, therefore, concluded, incorrectly, that likelihood of confusion between the marks does exist. Integrated Agri-Tech, Inc. bears the burden of demonstrating that the board's conclusion was incorrect as a matter of law. See In Re Bed & Breakfast Registry, 791 F.2d 157, 229 USPQ 818 (Fed.Cir.1986). Upon careful review, we conclude Integrated Agri-Tech, Inc. has not carried this burden.
 
 
 3
 In its analysis, the board balanced the similarities between the marks, the close relationship between the involved goods, the degree of fame and amount of sales of the prior mark, and the lack of evidence showing use of third party registrations and occurrence of actual confusion. The board also noted the two marks' dominant portions were phonetic equivalents--an important consideration since both parties advertised on the radio. Integrated Agri-Tech, Inc. may disagree with the weight that the board gave each of the DuPont evidentiary factors, but its argument that the board misapplied those factors to the underlying facts is not legally correct.
 
 
 4
 Integrated Agri-Tech, Inc. also argues that the goods of the parties are marketed through different trade channels. However, according to the record, both parties used farmer-dealer arrangements to sell their products in addition to using other trade channels. Although the record is not clear whether the farmer-dealerships were exclusive or if the parties' other trade channels also overlapped, since applicant is the newcomer and since some overlap of trade channels did exist, i.e., the use of farmer-dealers, any doubt as to the likelihood of confusion must be resolved against the newcomer. Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1571, 218 USPQ 390, 395 (Fed.Cir.1983).
 
 
 5
 Furthermore, Integrated Agri-Tech, Inc. has not persuaded us that the board failed to compare the marks in their entireties. The board explicitly recognized that the marks must be considered in their entireties before it began its analysis of the dominant portions of each mark. Moreover, failure to consider the marks in their entireties is not established simply because the board has not restated its conclusions about the marks in their entireties after discussion of the dominant portions of the marks.
 
 
 6
 Integrated Agri-Tech, Inc.'s argument that the board failed to consider the conditions under which sales were made and who the buyers were, i.e., "impulse" vs. careful, sophisticated purchasing, is also without merit. The board stated that the applicant's and opposer's goods "are sold to a large extent ... to the same ultimate purchasers, namely farmers;...." The board discussed how it was "readily apparent" that the same farmer might first use the opposer's seeds, then the applicant's growth regulator and crop residue decomposition enhancement product. Our review of the record indicates that the board did consider and did give appropriate weight to this factor.
 
 
 7
 Accordingly, we affirm.